[No. 14711.    Department Two. — July 25, 1892.]

# THE LOS ANGELES CEMETERY ASSOCIATION, Appellant, v. THE CITY OF LOS ANGELES, Respondent.

Dedication of Street — Grant upon Conditions — Public User — Forfeiture — Neglect to Grade Street. — Land granted to a city by a corporation, in pursuance of a resolution of the directors of the corporation granting it for a public road and highway, on the condition that a fence thereon be removed and reset on the line of the road at the expense of the city, and that the street be graded at the city's expense, becomes a public street, subject to the conditions named, upon its acceptance and user by the city; and the city does not forfeit its right to use it as a public street simply because it does not grade it when required to do so by the corporation, but it must be apparent that the city will not grade it at its expense, or at all, before the corporation can reclaim the land.

Appeal from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion.

*M. C. Hester*, and *Judson, Hester & Wood*, for Appellant.

The permission under which respondent took and used this land did not constitute a dedication for any purpose. It is well established in this state, as elsewhere, that where there is no grant in writing, a dedication of land can only be established by proof of acts on the part of the owner of the fee which manifest clearly and unequivocally the intention of the owner to make such dedication. (*Harding* v. *Jasper*, 14 Cal. 648; *San Fran-*

*cisco* v. *Canavan*, 42 Cal. 553; *People* v. *Reed*, 81 Cal. 77; 15 Am. St. Rep. 22; *People* v. *Blake*, 60 Cal. 503; *Quinn* v. *Anderson*, 70 Cal. 456; *Hayward* v. *Manzer*, 70 Cal. 479; *Eureka* v. *Croghan*, 81 Cal. 525; *Griffiths* v. *Galindo*, 86 Cal. 196; *Latham* v. *Los Angeles*, 87 Cal. 519; *Grube* v. *Nichols*, 36 Ill. 92; *Hogue* v. *Albina*, 20 Or. 182; *McCormack* v. *Mayer*, 45 Md. 524; *Shellhouse* v. *State*, 110 Ind. 513; *Holdane* v. *Cold Spring*, 21 N. Y. 477; *Townsdale* v. *Portland*, 1 Or. 405; *Shreveport* v. *Drain*, 16 So. Rep. 656 (La.); Angell on Highways, sec. 153.)

*C. McFarland*, for Respondent.

The public have a right to rely on the conduct of an owner as expressing his intent, and if his acts are such as would lead a prudent man to infer an intent to dedicate, and they are so received and acted on by the public, the owner cannot, after acceptance by the public, recall the appropriation.   (Elliot on Roads and Streets, 92, 93, 98, and authorities cited; *San Leandro* v. *Le Breton*, 72 Cal. 175; *Archer* v. *Salinas City*, 93 Cal. 43.)   The fact that the city set back the fence, repaired and worked upon the street, passed ordinances establishing the grade over the strip, and lastly, as admitted by appellant, the public used the strip, and traveled it constantly as a public street from 1885 until now, shows conclusively an acceptance of it as a street.   Any of these acts constitute an acceptance.   (*Sawyer* v. *San Francisco*, 50 Cal. 375; *People* v. *Pope*, 53 Cal. 451; *Visalia* v. *Jacob*, 65 Cal. 436; 52 Am. Rep. 303; *Yolo Co.* v. *Barney*, 79 Cal. 375; 12 Am. St. Rep. 152.)   The subject of dedication by the owner and acceptance by the public are fully discussed and passed upon in *People* v. *Reed*, 81 Cal. 70; 15 Am. St. Rep. 22; *Eureka* v. *Croghan*, 81 Cal. 524; *Phillips* v. *Day*, 82 Cal. 24; *Eureka* v. *Armstrong*, 83 Cal. 623; *People* v. *Hibernia S. & L. Soc.*, 84 Cal. 634; *Archer* v. *Salinas City*, 93 Cal. 43.

Foote, C. — This action was brought to quiet title to a strip of land in the city of Los Angeles.

The plaintiff, a corporation formed for cemetery purposes, owned about seventy acres of land in the city aforesaid, which included that in controversy here. Its board of directors passed a resolution which ran thus:—

"Aug. 25, 1885. The board held a special meeting this date. All the directors, to wit, A. H. Judson, V. Ponet, I. W. Lord, Fred. Dohs and A. E. Pomeroy, being present. It was moved and carried that a strip of land forty feet in width off and along the south line of the present Evergreen Cemetery lands, and being the south line of lots 1 and 2 in block 73, Hancock's survey, be granted for a public road and highway, on the condition that the fence be removed and reset on the line of the road, said work to be done at the expense of the city, and also that the street be graded at the city's expense. On motion, meeting adjourned.

"Attest:        A. E. POMEROY, Sec."

The president of the corporation, A. H. Judson, on the 7th of September, 1885, made a conveyance of the land described in the resolution to the defendant, which, after describing the land, reads thus: "Said piece of land being for the purpose of a street or highway; and in the event of its ceasing to be used as such public street or highway, the said land to revert to the said corporation grantor. Grantor reserving the right to remove the fence on said land at any time within six months from the date of the acceptance of this deed."

The defendant, in pursuance of the resolution, removed the fence, and within a very short time after the 7th of September, 1885, the strip of land began to be and has been ever since used for public travel, and in the year 1887 the defendant, by its proper officers, changed the name of this strip of land from Aliso Avenue Extension to First Street; it also appears that the property owners on the side of this strip, opposite the cemetery property from which it was taken, deeded to the city certain land which was also used as part of this public street.

It further appears that the city by ordinance estab-

lished the grade of this land as a public street. And that on the 30th of September, 1885, the conveyances of these lands, including that in controversy here, were pre-sented to its "council," and referred to the board of public works, and that on recommendation they were accepted and ordered filed for record with the recorder.

There has been work done many times upon this road by the city in the way of repairing, fixing, and putting it in order for travel, but it has not yet been graded. And the removal of the fence by the defendant was shortly after the 7th of September, 1885, and under the plaintiff's direction.

There was also evidence that the words "at the city's expense," in the resolution of the board of directors of the plaintiff, were written some time after the meeting at which the resolution was passed, although the board had intended it in the beginning to be placed in the resolution as passed.

The findings of the court were to the effect that the plaintiff was not the owner of the land in fee, and had not been such owner since the 11th of September, 1885; that the defendant at the time of the beginning of this action was and now is the owner of the strip of land described in the complaint, for the purpose of using it as a public street, and of permitting the public to use it as such, subject to the conditions subsequent that it shall revert to the plaintiff in fee-simple as its property, and subject to the further condition and charge, that whenever graded for street purposes, the costs and expenses of such grading shall be paid by the defendant and not by the plaintiff; "that said strip of land has been duly dedicated as a public street of said city, and has been accepted as such by the city, subject to said conditions, and has been used as such by the public ever since the year 1885, and still is used as such street."

The conclusions of law are, that the defendant is enti-tled to judgment for its costs against the plaintiff, and to a decree declaring said strip of land to be a public street, subject to the conditions set out in finding 2, and that

defendant holds title thereto for the purpose of causing the same to be used as a public street, etc.  The judgment follows in accordance.

The plaintiff contends that the evidence is insufficient to support the findings.

It may be conceded that the deed of conveyance of the president of the cemetery was defective, and not authorized in some of its recitals, and that the defendant must depend, for the right of possession and use of the land in question, upon the language of the resolution of the board of directors, and the acceptance by the city of the land, and the use of it as a public highway, according to the offer of dedication contained in the resolution of the board of directors.  And it may further be conceded, without deciding, that some of the findings are not supported by the evidence in some of their statements. Nevertheless, we are of opinion that the evidence fully sustains the fourth and last finding as to dedication of the land for street purposes, and its acceptance as such, and that finding is perfectly intelligible when construed with reference to such statements in the other findings as are entirely consistent with those of the fourth finding, and supported by evidence.

It makes no difference, therefore, whether the defendant had or not any right to this land except to use it as a public street, and to observe the condition, when it conveniently can do so, of grading the same at its expense.

It does not seem to us that the attempted rescission of the contract by plaintiff could be accomplished until the city had declared or made apparent the fact that it would not grade the street at its expense.

The main idea in the resolution seemed to be to grant the land to the city for street purposes, and to make the city remove the fence, and when it graded the street, to do it at its own expense, and not at that of the plaintiff. It does not seem to be contemplated, if the city did not grade it when required to do so by the plaintiff, that it forfeited its right to use the land as a public street; but

when it is apparent that the city will not grade it at its expense or at all, then the plaintiff might demand the land back.

We perceive no error in the record, and advise that the judgment and order appealed from be affirmed.

BELCHER, C., and VANCLIEF, C., concurred.

For the reasons given in the foregoing opinion, the judgment and order are affirmed.

· DE HAVEN, J., SHARPSTEIN, J., McFARLAND, J.

Hearing in Bank denied.

BEATTY, C. J., dissented from the order denying the hearing in Bank.